UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

BENJAMIN E. NASH,

      Plaintiff,

v.                                                          Civ. No. 20-1359 KRS/GJF

TOM VILSACK, *Secretary*,
*Department of Agriculture*,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR APPOINTMENT OF COUNSEL**

      **THIS MATTER** is before the Court on *pro se* Plaintiff's Motion for Appointment of Counsel ("Motion") [ECF 8]. For the reasons stated below, Plaintiff's Motion is **DENIED**.

      Plaintiff requests that the Court appoint counsel, without providing *any* grounds for why the Court should grant his request. "[C]ivil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483 F. App'x 458, 462 (10th Cir. 2012) (unpublished). "Factors to be considered in deciding whether to appoint counsel [in a civil case] include the merits of the claims, the nature of the factual issues raised in the claims, the litigant's ability to present the claims, and the complexity of the legal issues raised by the claims." *Spencer v. City of Cheyenne*, 1 F. App'x 863, 865 (10th Cir. 2001) (unpublished) . When a Plaintiff is proceeding pursuant to 28 U.S.C. § 1915, "[t]he burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

      The decision to appoint counsel is left to the "extremely broad" discretion of the district court. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). While courts have authority to "*request* an attorney to represent a litigant who is proceeding in forma pauperis,"

*Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added), the Court cannot *require* an unwilling attorney to represent an indigent litigant in a civil case, *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 296 (1989). Congress has not provided any mechanism, process, or funds to pay appointed counsel. *See* 28 U.S.C. § 1915(e)(1). Thus, the Court not only considers the benefits of having a represented plaintiff, but also must consider the hardship imposed on an attorney who is appointed to serve without remuneration or compensation, as well as without assurance that he or she would have funds available to assist in the investigation of claims, conduct formal discovery, retain experts, pay witness fees, or otherwise defray the costs of litigation.

The Court denies Plaintiff's motion to appoint counsel. As noted above, Plaintiff provides no basis for why the Court should grant his request for appointment of counsel. Furthermore, Plaintiff has not cited, and the Court has not found, any legal authority which would allow the Court to appoint counsel in this case. The Court refers Plaintiff to the District of New Mexico's Guide for Pro Se Litigants (November 2019) which, on page 6, lists resources for legal representation.[1]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel [ECF 8] is **DENIED.**

**SO ORDERED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

---

[1] This document is available for download at https://www.nmd.uscourts.gov/representing-yourself-pro-se.